999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Yeong Tay LIN, Defendant-Appellant.
 No. 92-10598.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 17, 1993.
Decided July 6, 1993.
 
 Before: LAY*, HUG and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Yeong Tay Lin appeals his sentence under the Sentencing Guidelines for conspiracy, attempt, and the actual bringing of illegal aliens to the United States for the purpose of commercial advantage or private financial gain, in violation of 18 U.S.C. § 371, 8 U.S.C. § 1324(a)(2)(B)(ii), and 18 U.S.C. § 2. Lin challenges the court's imposition of a four-point upward departure in his offense level, pursuant to U.S.S.G. § 2L1.1, comment. (n. 8) (1991), on the stated ground that the smuggling operation involved 93 aliens--a particularly large number. Lin contends that when the court imposed the four-point departure it improperly considered Lin's role in the offense as ship's captain, a consideration for which he had already received a three-point increase under U.S.S.G. § 3B1.1. We agree.
 
 
 3
 Prior to sentencing Lin, the district court sentenced one of Lin's subordinate crewman who had been found guilty of participating in the same smuggling operation. In calculating the crewman's sentence, the court imposed a two-point upward departure in his offense level on the ground that 93 aliens were in involved in the smuggling operation. When the district court sentenced Lin, it imposed an upward departure on the same premise, but explicitly increased the departure to four points on the ground that Lin was relatively more culpable than his crewman:
 
 
 4
 [T]he Court having already given two points to the co-captain certainly cannot keep the role of the captain at the same level. For this all important person to be a part of the success of the mission, the Court would find that an upward departure of at least double, twice the amount of the co-captain, is in keeping with the severity of this charge.
 
 
 5
 And it is for that reason that this Court will add an additional four points, twice the amount that I gave to the co-captain, because only then will the Court consider that that would be commensurate with the seriousness of this charge and a large number of aliens involved.
 
 
 6
 We conclude from the sentencing proceedings that the district court's departure was improper. First, although the commentary to Section 2L1.1 authorizes an upward departure based on the number of aliens involved in a smuggling operation, it does not indicate that this departure should differ between codefendants based on their relative culpability. Where the number of aliens involved in a smuggling operation is the basis of an upward departure under U.S.S.G. § 2L1.1, comment (n. 8) (1991), that increase should be the same for all defendants participating in that operation.
 
 
 7
 Second, a district court may not base an upward departure on a factor which has already been considered by the Sentencing Commission. See United States v. Nuno-Para, 877 F.2d 1409, 1413-14 (9th Cir.1989). Because Lin's role in the smuggling operation is accounted for under U.S.S.G. § 3B1.1, and because it served as the basis for a three-point increase to his offense level under that section, it was improper for the district court to consider it when imposing the four-point upward departure. Accordingly, we remand the case for reconsideration of the upward departure without reference to this improper factor. See Nuno-Para, 877 F.2d at 1414-15.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 Honorable Donald P. Lay, Senior United States Circuit Judge, for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3